**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EILEEN M. ABAT, individually, and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 1:20-cv-00634 |
| v. | Honorable Manish S. Shah |
| NEWREZ LLC f/k/a NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING, | Honorable Jeffrey Cole Magistrate Judge |
| Defendant. | |

**FIRST AMENDED CLASS ACTION COMPLAINT**

**NOW COMES** Plaintiff, EILEEN M. ABAT, individually, and on behalf of all others similarly situated, by and through her undersigned counsel, and pursuant to Fed. R. Civ. P. 23, complaining of Defendant, NEWREZ LLC f/k/a NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING, as follows:

**NATURE OF THE ACTION**

1. This action seeks damages for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

4. EILEEN M. ABAT ("Plaintiff") is a natural person, who at all times relevant was domiciled in this judicial district.

1

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     NEWREZ LLC f/k/a NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING ("Shellpoint") is a prominent mortgage loan servicer that services mortgage loans nationwide.

7.     Shellpoint maintains its principal place of business in Greenville, South Carolina.

8.     Shellpoint is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) it uses instrumentalities of interstate commerce and the mail in the course of servicing mortgage loans; (2) the principal purpose of Shellpoint's business is the collection of debt owed or due or asserted to be owed or due another; and (3) it regularly collects mortgage debt owed to others.

## FACTUAL ALLEGATIONS

9.     On February 21, 2013, Plaintiff executed a mortgage in favor of Quicken Loans Inc. (the "Mortgage").

10.     The Mortgage secured the purchase of Plaintiff's principal residence located at 5443 South Indiana Avenue, Apartment 3, Chicago, Illinois 60615 (the "Property").

11.     The Mortgage secured the repayment of a first mortgage loan in the amount of $183,850.00 issued to Plaintiff to fund the purchase of the Property (the "Loan").

12.     After the origination of the Loan, Ditech Financial LLC ("Ditech") acquired servicing rights to the Loan.

13.     On May 21, 2018, Plaintiff filed a Chapter 13 bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois.

14.     Plaintiff duly scheduled Ditech as a secured creditor in her bankruptcy schedules.

15.     On August 3, 2018, Plaintiff filed a Modified Chapter 13 Plan in her bankruptcy case.

2

16.     Plaintiff's Modified Chapter 13 Plan provided:

**3.5    Surrender of collateral.**

*Check one.*

☐    **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

■    The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim.  The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects.

| **Name of Creditor** | **Collateral** |
| --- | --- |
| Ditech | 5443 S. Indiana Ave., Unit 3, Chicago, IL 60615 |

17.     On August 27, 2018, the Bankruptcy Court confirmed Plaintiff's Modified Chapter 13 Plan ("Confirmed Plan").

18.     On December 17, 2018, Ditech transferred the servicing rights to the Mortgage to Shellpoint.

19.     The Loan was in default at the time Shellpoint acquired servicing rights to the Loan.

20.     On December 30, 2019, Shellpoint sent a loss mitigation correspondence addressed to Plaintiff pertaining to the Property and Loan ("Defendant's letter").

21.     Defendant's letter (1) stated that the principal balance of the Loan was $167,325.15; (2) invited Plaintiff to apply for loss mitigation options offered by Shellpoint; and (3) requested Plaintiff's financial information.

22.     Defendant's letter failed to disclose that Shellpoint is a "debt collector."

23.     Defendant's letter  was not Shellpoint's initial communication with Plaintiff.

24.     Defendant's letter is a "communication" as defined by 15 U.S.C. § 1692a(2) as it conveyed information regarding the Loan to Plaintiff.

25.     Defendant's letter was sent in connection with the collection of the Loan.

26.     As set forth below, Defendant's letter failed to provide Plaintiff with essential disclosures required by the FDCPA, thus depriving Plaintiff of information relating to the identity of Shellpoint and its status as a debt collector.

## CLASS ALLEGATIONS

27.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

28.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated (the "Putative Class"), defined as follows:

> All persons within the United States to whom (a) within the one (1) year prior to the filing of the original complaint and during its pendency; (b) received a correspondence from Shellpoint, the same as or substantially similar to the Letter sent to Plaintiff; (c) for purposes of collection upon a consumer debt in default; (d) in which Shellpoint failed to identify itself as a debt collector.

29.     The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Shellpoint, Shellpoint's subsidiaries, parents, successors, predecessors, and any entity in which Shellpoint or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such

4

executed persons; and (6) persons whose claims against Shellpoint have been fully and finally adjudicated and/or released.

### A. Numerosity

30. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

31. The exact number of the members of the Putative Class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

32. The members of the Putative Class are ascertainable because the class is defined by reference to objective criteria.

33. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Shellpoint.

### B. Commonality and Predominance

34. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

### C. Typicality

35. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as result of Shellpoint's failure to provide required disclosures.

### D. Superiority and Manageability

36. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

37.     The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

38.     By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

39.     Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.      Adequate Representation**

40.     Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

41.     Plaintiff has no interests antagonistic to those of the Putative Class, and Shellpoint has no defenses unique to Plaintiff.

42.     Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

**Count I:**
**Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)**
**(On behalf of Plaintiff and the Members of the Putative Class)**

43.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violations of 15 U.S.C. § 1692e(11)**

44.     Section 1692e of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

6

(11)     The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, ***and the failure to disclose in subsequent communications that the communication is from a debt collector***, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11).

45.     Shellpoint's letter violated 15 U.S.C. § 1692e(11) because it failed to identify Shellpoint as a debt collector as required by the express language of the FDCPA.

**WHEREFORE**, Plaintiff on behalf of herself and the members of the Putative Class, requests the following relief:

A.     an order granting certification of the proposed class, including the designation of Plaintiff as the named representative and the appointment of the undersigned as Class Counsel;

B.     a finding that Defendant violated 15 U.S.C. §1692e(11);

C.     an order enjoining Defendant from further violation(s) of 15 U.S.C. §1692e(11);

D.     an award of any actual damages sustained by Plaintiff and the Members of the Putative Class as a result of Defendant's violation(s);

E.     an award of such additional damages to Plaintiff, as the Court may allow, but not exceeding $1,000;

F.     an award of such amount as the Court may allow for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net worth of Defendant;

G.     an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

H.     an award of such other relief as this Court deems just and proper.

7

**Plaintiff demands a trial by jury.**

Dated: January 28, 2020

Respectfully Submitted,

/s/ *Mohammed O. Badwan*

/s/ *Joseph S. Davidson*

Mohammed O. Badwan, Esq.
Joseph S. Davidson, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
Lombard, IL 60148
Phone (630) 575-8180
Fax: (630) 575- 8188
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com